**In the Matter of R.L.S., a Child.**

**No. 09–85–186 CV.**

Court of Appeals of Texas, Beaumont.

April 3, 1986.

Craig A. Morrison, Spring, for appellant.

Marc A. Chomel, Asst. County Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

On January 16, 1985, R.L.S. was found to have engaged in delinquent conduct and was placed on probation for one year. On May 6, 1985, a petition to modify the earlier disposition was filed alleging that R.L.S. had violated the terms and conditions of probation. On June 10, 1985, an order was entered modifying the disposition and committing R.L.S. to the Texas Youth Council. A single point of error is urged, viz:

"It was against the great weight and preponderance of the evidence to find beyond a reasonable doubt that the child violated the reasonable and lawful terms and conditions of the Trial Court."

The trial court was careful and deliberate in its handling of the hearing, as evidenced by the following:

"THE COURT: How do you plead to allegations in that petition? Are they true or not true?

"R.L.S.: True.

"THE COURT: They are true?

"R.L.S.: Yes, sir.

"THE COURT: Do you understand that if you plead true to them, I am going to find that they are true and as a result of that, your disposition could be modified; do you understand that?

"R.L.S.: Yes, sir.

"THE COURT: Bearing that in mind, do you still desire to plead true?

"R.L.S.: Yes, sir.

"THE COURT: Is your plea of true the result of any intimidation or fear or coercion?

"R.L.S.: No, sir.

"THE COURT: Are you pleading true freely and voluntarily?

"R.L.S.: Yes, sir.

"THE COURT: Are you pleading true because the allegations really are true?

"R.L.S.: Yes, sir.

"THE COURT: All right, you may be seated. The State may proceed.

(State's Exhibit Number 1 was marked for identification.)

"[PROSECUTOR]: At this time the State would tender State's Exhibit Number 1, which is the stipulation of evidence. It has previously been entered into with regard to the case.

"[DEFENSE COUNSEL]: May I approach the bench, Your Honor?

"THE COURT: Yes, you may. Any objection?

"[DEFENSE COUNSEL]: No objection, Your Honor.

"THE COURT: Robert, when you signed this stipulation that you have signed here, you give up your Constitutional right to confrontation and cross examination of the witnesses against you; do you understand that?

"R.L.S.: Yes, sir.

"THE COURT: You further give up your Constitutional right to remain silent because this stipulation amounts to a judicial confession; do you understand that?

"R.L.S.: Yes, sir.

"THE COURT: Bearing that in mind, do you still wish to stipulate to the evidence and give up those two Constitutional rights?

"R.L.S.: Yes, sir.

"THE COURT: All right, you may be seated. The stipulation will be admitted."

■ The plea of true and the stipulation is sufficient for a judicial confession. *See In the Matter of J.L., a Child,* 664 S.W.2d 119 (Tex.App.—Corpus Christi 1983, no writ). Furthermore, on direct examination, the following exchange took place:

"Q And you stipulated that you violated the terms of that probation; is that correct?

"A Yes, sir."

In addition to the plea and the stipulation, there were additional admissions by R.L.S. which proved the allegations of the motion beyond a reasonable doubt. The point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.