

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

### NO. 02-09-00332-CV

IN THE MATTER OF M.C.S., JR.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

In one point, appellant M.C.S., Jr. contends that the evidence is insufficient to support the trial court's judgment of delinquency. We affirm.

### Background Facts

In July 2009, the State filed a petition that accused appellant of violating section 42.092 of the penal code by setting a bat on fire and therefore cruelly torturing or killing it.[1] The trial court found probable cause to believe that

------------

[1]*See* Tex. Penal Code Ann. § 42.092(b)(1) (Vernon Supp. 2010). The State's petition indicated that appellant was sixteen years old at the time of the petition's filing and contained paragraphs alleging that he also fled from police and gave an officer a false date of birth.

appellant had engaged in delinquent conduct, ordered that he be detained in a detention center, and appointed an attorney to represent him.

On August 10, 2009, the trial court held a hearing on the State's petition, which appellant and his mother attended. Toward the beginning of the hearing, the following conversation occurred:

> THE COURT: Now, according to the pleadings, you're charged with cruelty to animals, a charge that, if you were an adult, carries with it possible jail time. As a juvenile, it carries with a possibility of being placed on probation or going to the Texas Youth Commission. Either one of those things can last at least until your 18th birthday and even up to your 19th birthday, so you're entitled to a trial. You're not required to admit to this charge, and you're not going to make anybody angry, you're not going to change the punishment range or mak[e] things worse for yourself by asking for a trial.
>
> You've signed waivers saying a trial is not necessary. You have agreed that the attorneys can just tell me what the evidence is in this case without the need of the formalities of a trial and so I'm going to hear the evidence about what happened, it looks like, back in July, and if I find it to be true, proceed on with some additional evidence to decide whether or not you should be put on probation or not and what the conditions should be.[2]
>
> All right. [Appellant's counsel], would you waive a full reading of the petition?
>
> [APPELLANT'S COUNSEL]: Yes, Your Honor.
>
> THE COURT: Let's proceed.

_____

[2]Appellant and his trial attorney signed a stipulation of evidence stating they were informed of and understood appellant's rights to present and confront witnesses but that they were voluntarily consenting "to the stipulation of evidence in this case." They specifically consented to the "introduction of testimony by oral stipulation." They acknowledged in the same document that they understood the consequences of appellant's waiving his right to a jury trial.

2

. . . .

[THE STATE]: . . . May it be . . . agreed and stipulated that the Respondent did violate section 42.092 of the Texas Penal Code, when on or about the 23rd day of July of 2009, in the County of Tarrant and State of Texas, he did then and there intentionally or knowingly torture, kill, or -- or torture or kill in a cruel manner or cause serious bodily injury to an animal, to wit, a bat, by setting it on fire and burning it.

The State is prepared to call Fort Worth police officers who would testify that they responded in reference to a disturbance where kids were knocking on doors and then running away. They noticed a group of youths at the apartment complex. They made contact and the group denied having any involvement; however, as the officers were leaving, they saw the Respondent light something on fire and when they turned around, the Respondent took off running. The Respondent was subsequently chased and caught, at which time the officers later discovered the object that had been burnt by the Respondent was in fact a bat that was in a -- that a girl had in a glass jar.

The officers would also testify that this offense did occur within Tarrant County and the State of Texas, and the State would rest.

[APPELLANT'S COUNSEL]: No objections, judge.

The trial court then received a placement summary and evidence about appellant's social history. It also heard testimony from appellant and his mother. The trial court adjudicated appellant delinquent, placed him on probation (with several delineated conditions), and ordered that he complete treatment at the Texas Adolescent Treatment Center.

In September 2009, appellant, who was represented by new counsel, filed a motion for new trial, contending that the evidence is insufficient to support the trial court's judgment and that he did not knowingly or voluntarily sign the written

3

stipulation of evidence. Appellant's motion was overruled by operation of law. Appellant also filed his notice of this appeal.

## Evidentiary Sufficiency

Appellant contends that the evidence is insufficient to support the trial court's judgment because (1) the stipulation at the hearing does not satisfy the required statutory elements, (2) he was not properly given statutory warnings, (3) the written stipulation was involuntary, and (4) he did not orally acknowledge at the hearing that he agreed to the oral stipulation. Although appeals of juvenile court orders are generally treated as civil cases, we apply a criminal sufficiency standard. *In re L.A.S.*, 135 S.W.3d 909, 913–14 (Tex. App.—Fort Worth 2004, no pet.); *In re J.D.P.*, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.). In reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[3]

---

[3]After the briefing and submission of this case, the court of criminal appeals held that there is "no meaningful distinction between the . . . legal-sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks v. State*, PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6, 2010). Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary . . . are overruled." *Id.* at *14. Accordingly, we apply the *Jackson* standard of review to appellant's sufficiency complaint.

**Statutory elements**

A person commits the offense of cruelty to nonlivestock animals if the person intentionally, knowingly, or recklessly "tortures an animal or in a cruel manner kills or causes serious bodily injury to an animal." Tex. Penal Code Ann. § 42.092(b)(1). Under section 42.092, an "animal" is a domesticated living creature or a wild living creature that has been previously captured; the "term does not include an uncaptured wild living creature." *Id.* § 42.092(a)(2).

Appellant asserts that the oral stipulation quoted above does not show that the bat was alive when it was set on fire or that it had been previously captured. But the stipulation particularly states that appellant violated section 42.092 and uses the term "animal" as the statute does. Also, the stipulation states that appellant tortured or killed the bat by setting it on fire and that the bat was in a glass jar; these facts establish that the bat was previously alive and had been captured. The record does not contain any contradicting evidence showing that the bat was dead or had not been captured when it was set on fire. Thus, we hold that the stipulation comprises sufficient evidence to support the statutory elements of cruelty to nonlivestock animals. *See id.* § 42.092(b)(1); *Clayton*, 235 S.W.3d at 778; *see also In re R.L.S.*, 707 S.W.2d 726, 728 (Tex. App.—Beaumont 1986, no writ) (holding that a stipulation served as sufficient evidence

5

in a juvenile case); *In re J.L.*, 664 S.W.2d 119, 120–21 (Tex. App.—Corpus Christi 1983, no writ) (overruling a juvenile's point based on his stipulation).[4]

**Statutory warnings**

Next, appellant contends that he did not receive proper statutory warnings. The family code provides that at the beginning of an adjudication hearing, the juvenile court judge shall explain to the child (1) the allegations made against the child, (2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding, (3) the child's privilege against self-incrimination, (4) the child's right to trial and to confrontation of witnesses, (5) the child's right to representation by an attorney if he is not already represented, and (6) the child's right to trial by jury. Tex. Fam. Code Ann. § 54.03(b) (Vernon Supp. 2010); *see In re T.W.C.*, 258 S.W.3d 218, 220 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Appellant admits that the trial court explained the charge to him and told him about his possible punishment; however, he contends that the court failed to warn him about his privilege against self-incrimination in the court's "streamlined and simplified admonishments."

However, section 54.03 of the family code also states that to preserve for an appeal "the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 33.1, Texas

---

[4]Appellant concedes that a stipulation may constitute sufficient evidence to support a juvenile adjudication.

6

Rules of Appellate Procedure, . . . *before the child pleads to the petition or agrees to a stipulation of evidence*." Tex. Fam. Code Ann. § 54.03(i) (emphasis added). Neither appellant nor his trial counsel complained about his statutory admonishments before appellant agreed to the stipulation of evidence; thus, we hold that appellant failed to preserve any error related to the admonishments.[5] *See* Tex. R. App. P. 33.1; Tex. Fam. Code Ann. § 54.03(i); *In re E.F.*, 986 S.W.2d 806, 809 & n.8 (Tex. App.—Austin 1999, pet. denied); *see also In re R.W.G.*, No. 02-02-00083-CV, 2003 WL 1564310, at *2 (Tex. App.—Fort Worth Mar. 27, 2003, no pet.) (mem. op.) ("At no time . . . did Appellant lodge an objection to the lack of the required warning. Accordingly, the alleged arguable error was not preserved.").

**The written stipulation**

Appellant also contends that "[t]here is no evidence in the record that [he] voluntarily signed the stipulation" even though the stipulation, which his trial attorney also signed, states that he "voluntarily consent[ed] to the stipulation of evidence in this case." Appellant relies on article 51.09 of the family code, which states that rights granted to a child by law may be waived if (1) the waiver is made by the child and the attorney for the child, (2) the child and the attorney waiving the right are informed of and understand the right and the possible

---

[5]We do not express an opinion on whether the trial court's statement to appellant that he was not "required to admit to this charge" satisfied the court's duty to inform appellant about his privilege against self-incrimination.

consequences of waiving it, (3) the waiver is voluntary, and (4) the waiver is made in writing or in court proceedings that are recorded. Tex. Fam. Code Ann. § 51.09 (Vernon 2008). Courts review voluntariness by examining the totality of the circumstances. *See In re R.M.*, 880 S.W.2d 297, 299 (Tex. App.—Fort Worth 1994, no writ).

Appellant raised the voluntariness issue for the first time in his motion for new trial. As recently stated by the Amarillo Court of Appeals,

> The granting or denying of a motion for new trial is within the discretion of the trial court. In reviewing the trial court's decision, our standard of review is whether the trial court abused its discretion. A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. A trial judge's ruling on a motion for new trial is presumed to be correct.

*In re M.M.L.*, 241 S.W.3d 546, 560 (Tex. App.—Amarillo 2006, pet. denied) (citations omitted); *see In re R.V., Jr.*, 8 S.W.3d 692, 693 (Tex. App.—Fort Worth 1999, pet. denied).

At the hearing on appellant's motion for new trial, his mother testified that she did not get to talk with him on the day of the adjudication hearing, that she did not see the stipulation before he signed it, that neither she nor he understood the waiver of his rights, and that before the day of the hearing, he had planned to "tell the judge that he did not do it." She also said that appellant had a learning disability and that he did "not deserve a felony" because he did not light the bat on fire and was only "at the wrong place at the wrong time." But the attorney who represented appellant at the adjudication hearing said during the motion for new

8

trial hearing that she had numerous conversations with appellant's mother, that she ensured that appellant understood the documents that he was signing, and that the State waived two of appellant's charges when it proceeded with the cruelty to animals charge.

Appellant did not testify at the motion for new trial hearing. The attorney who represented him during that hearing conceded that he could not "develop as to whether . . . [appellant] did or did not have knowledge and signed these things voluntarily and knowingly."

We conclude that the trial court could have reasonably determined that appellant's stipulation was voluntary and denied (by operation of law) his motion for new trial, despite his mother's testimony, based on the cumulative effect of (1) the explicit recital of voluntariness in the written stipulation, (2) appellant's trial attorney's testimony that appellant understood what he was signing, and (3) the trial court's instruction to him at the adjudication hearing that he was not "required to admit to this charge" and was "not going to make anybody angry" by asking for a trial. Thus, we hold that the trial court did not abuse its discretion by denying his motion for new trial. *See M.M.L.*, 241 S.W.3d at 560.

**The oral stipulation**

Finally, appellant argues that the oral stipulation presented by the State during the adjudication hearing was "so defective that it failed to reveal whether [he] was knowingly, intelligently, voluntarily and willingly" making the stipulation. Specifically, appellant contends that the trial court should have sought an oral

9

response from appellant after the State presented the stipulation and that his counsel's "[n]o objections" response was insufficient.

Appellant relies on our decision in *In re M.A.O.*, in which we recited the following events that occurred in that case:

> When asked to make a plea as to the burglary of a habitation allegation, Appellant pleaded true. Appellant agreed that he understood his rights and that he was pleading true because that was what he intended to do and for no other reason. Appellant also agreed that he had not been threatened through fear of force, promised anything in exchange for his plea of true, or pressured to plead through any persuasion or hope of pardon. Appellant acknowledged that he was knowingly, intelligently, voluntarily, and willingly making his plea of true.

No. 02-03-00262-CV, 2004 WL 1746890, at *1 (Tex. App.—Fort Worth Aug. 5, 2004, no pet.) (mem. op.). Based on *M.A.O.* and other cases, appellant contends that an "oral in[-]court Stipulation *should contain* an audible utterance from the juvenile." [Emphasis added.] But appellant has not cited authority showing that such an "audible utterance" *must* occur to validate a stipulation, and we have found none. Also, appellant's argument contravenes section 51.09 of the family code, which states that a juvenile may waive rights "in writing *or* in court proceedings that are recorded." Tex. Fam. Code Ann. § 51.09(4) (emphasis added). Therefore, we cannot agree with appellant's contention that for his stipulation to be effective, he was required to personally, orally reaffirm it during the adjudication hearing.

For all of these reasons, having rejected each of appellant's arguments, we overrule his sole point.

10

## Conclusion

Having overruled appellant's only point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  October 21, 2010