

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00041-CV

IN THE MATTER OF M.S.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant M.S., a child, appeals the trial court's judgment adjudicating him delinquent and ordering one year's probation. We affirm.

## BACKGROUND FACTS

Appellant enrolled at Timber Creek High School on Friday, October 15, 2010. On that date, principal Todd Tunnell spoke with Appellant and his mother about Appellant's prior placement in an alternative school through Alternative Education and Placement (AEP). During that conversation, Appellant told

---

[1]*See* Tex. R. App. P. 47.4.

Tunnell that he had completed his time in AEP. Appellant was scheduled to start regular classes on Monday, October 18, 2010. Before Appellant arrived on Monday, Tunnell learned that Appellant had not in fact completed his time in AEP. Upon his arrival at Timber Creek, Appellant was called to the principal's office where they discussed the discrepancies in what Appellant had told Tunnell.

During the meeting, Tunnell noticed that Appellant had a "defensive and surly" attitude. He also noticed that Appellant had "Pretty Boy" written on his backpack, that he was dressed totally in blue, and that he had a tattoo of three dots on his hand. Tunnell discussed the tattoo with the school resource officer and asked if it had any gang implications.

Tunnell told Appellant that he could not attend Timber Creek until he served the rest of his AEP time in Keller. Tunnell instructed Appellant to wait in the front office for his mother to pick him up. Appellant left the area he was instructed to wait in, and Tunnell found him in the hallway talking to students. Tunnell directed Appellant back to the office. Tunnell recalled walking through the front office again "close to noon" and noticing that Appellant had left.

Shortly after Appellant left, Tunnell received a report of graffiti on a toilet paper dispenser in one of the boys' restrooms. Officer Michael Shunk, a Fort Worth policeman assigned to Timber Creek, took pictures of the graffiti, which included "Pretty Boy Prince" written in blue ink and stars and "Fresh" written in black ink. "Fresh" was written in a different style than "Pretty Boy Prince." Tunnell thought the graffiti was written with a permanent marker, and Shunk was

2

not able to remove or smear the graffiti with his finger. The graffiti was cleaned off by the custodial staff, and the markers used to write the graffiti were not recovered.

Shunk reviewed tape from the school's video surveillance system. A person fitting Appellant's description was seen on the video entering the restroom at 12:07 and leaving approximately three minutes later. Shunk showed the video to Tunnell, who identified the person as Appellant.

Shunk had over twenty-four years' experience with the Fort Worth Police Department, had been a school resource officer for nine years, and was working his second year at Timber Creek when this event occurred. He had experience with graffiti both as a school resource officer and while working in the gang unit. He was not aware of any graffiti on the dispenser prior to that day. Based on Shunk's visual observations of the graffiti on the toilet paper dispenser, as well as his efforts to remove or smear it, he determined that the markings were made with a "permanent indelible marker."

At his adjudication hearing, Appellant admitted to writing "Pretty Boy Prince" on the dispenser but claimed that he used a blue, washable marker. He denied writing "Fresh" or drawing the stars, although he admitted to having a black marker in his backpack the morning of the incident. Appellant's mother testified that she had first learned of the graffiti incident approximately a week after it occurred and had searched Appellant's backpack at that time. She found

3

a washable marker. The judge found Appellant delinquent and placed him on felony probation for one year. This appeal followed.

## DISCUSSION

**Factual and Legal Insufficiency**

In his first issue, Appellant claims that the evidence is factually insufficient to support the adjudication of delinquency. Although appeals from juvenile court orders are generally treated as civil cases, we apply a criminal sufficiency standard of review to sufficiency of the evidence challenges regarding the adjudication phase of juvenile proceedings. *In re M.C.S., Jr.*, 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.). Because factual sufficiency claims in criminal cases are no longer viable in Texas, *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that the legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), is the only standard that a reviewing court should apply in determining whether evidence is sufficient), we overrule Appellant's first issue.

In his second issue, Appellant claims that the evidence is legally insufficient to support the adjudication of delinquency. He argues that no rational trier of fact could have found that the marker used for the graffiti was an "indelible marker" as defined in the Texas Penal Code.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential

4

elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

A person commits an offense under penal code section 28.08(a)(2) "if, without the effective consent of the owner, the person intentionally or knowingly makes markings, including inscriptions, slogans, drawings, or paintings, on the tangible property of the owner with an indelible marker." Tex. Penal Code Ann.

5

§ 28.08(a)(2) (West 2011). An indelible marker is a "device that makes a mark with a paint or ink product that is specifically formulated to be more difficult to erase, wash out, or remove than ordinary paint or ink products." *Id.* § 28.08(e)(3).

Principal Tunnell testified that he believed that the graffiti was made with a permanent marker and that it did not come off nor smear when Officer Shunk tried to remove it with his finger. Officer Shunk likewise clearly testified that the markings were made by a "permanent indelible marker." A picture of the graffiti was admitted into evidence. Appellant testified that he made only the "Pretty Boy Prince" markings using a blue, washable marker and that the black "Fresh" was already there. Even where the actual marker used for the graffiti is not recovered, as is the case here, circumstantial evidence and witness testimony can support a finding that a marker is indelible. *See Harvey v. State*, 116 S.W.3d 816, 820–21 (Tex. App.—Fort Worth 2003, no pet.) (upholding finding that a marker was indelible without the marker being submitted into evidence when two witnesses testified that the graffiti was made with a "permanent ink marker"). The trial court weighed the conflicting evidence and the credibility of the witnesses. By its judgment, it resolved the conflict by finding the testimony of the principal and the police officer to be credible. We shall not re-evaluate that decision. *See Williams*, 235 S.W.3d at 750. Viewing the evidence in the light most favorable to the verdict, we hold that a rational factfinder could have found that Appellant wrote the graffiti with a permanent marker. The evidence is legally

6

sufficient to support the trial court's finding that Appellant used an indelible marker as defined by the statute. We overrule Appellant's second issue.

**Rule of Lenity**

In his third issue, Appellant argues that the offense should not have been found to be a state jail felony because the graffiti was not made "on a school." *See* Tex. Penal Code Ann. § 28.08(d)(1). He contends that the rule of lenity would dictate that the statute be strictly construed in his favor.

The rule of lenity requires that when a criminal statute is ambiguous and the intent of the legislature cannot be determined by employing statutory construction cannons, the ambiguity should be resolved "in favor of lenity." *Ex parte Forward*, 258 S.W.3d 151, 157 (Tex. Crim. App. 2008) (Johnson, J., dissenting) (quoting *Ladner v. United States*, 358 U.S. 169, 178, 79 S. Ct. 209 (1958)). It is rarely necessary for Texas courts to rely on the rule of lenity because most of the Texas Penal Code has been drafted "with clarity, precision, and straightforward, well-defined language." *Cuellar v. State*, 70 S.W.3d 815, 822 (Tex. Crim. App. 2002) (Cochran, J., concurring). The graffiti statute is no exception. The phrase "on a school" encompasses both the actual walls of the facility and those attachments that are incorporated as part of the school. *See In re A.F.*, No. 08-01-00441-CV, 2002 WL 1767567, at *1 (Tex. App.—El Paso Aug. 1, 2002, no pet.) (not designated for publication) (holding that graffiti written on a cubicle "affixed to the wall" of a school classroom was written "on a school"); *see also In re C.M.L.*, No. 08-99-00210-CV, 2000 WL 678845, at *1 (Tex. App.—

7

El Paso May 25, 2000, no pet.) (not designated for publication) (considering graffiti written on a paper towel dispenser as part of the graffiti that was done "on a community center").  The statute is unambiguous, thus the rule of lenity is inapplicable.  We overrule appellant's third issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, McCOY, and GABRIEL, JJ.

DELIVERED:  February 2, 2012

8