02-11-041-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00041-CV

 

 


 
 
 In the Matter of M.S.
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
M.S., a child, appeals the trial court’s judgment adjudicating him delinquent
and ordering one year’s probation.  We affirm.

BACKGROUND
FACTS

          Appellant
enrolled at Timber Creek High School on Friday, October 15, 2010.  On that
date, principal Todd Tunnell spoke with Appellant and his mother about
Appellant’s prior placement in an alternative school through Alternative
Education and Placement (AEP).  During that conversation, Appellant told
Tunnell that he had completed his time in AEP.  Appellant was scheduled to
start regular classes on Monday, October 18, 2010.  Before Appellant arrived on
Monday, Tunnell learned that Appellant had not in fact completed his time in
AEP.  Upon his arrival at Timber Creek, Appellant was called to the principal’s
office where they discussed the discrepancies in what Appellant had told
Tunnell.

          During
the meeting, Tunnell noticed that Appellant had a “defensive and surly”
attitude.  He also noticed that Appellant had “Pretty Boy” written on his
backpack, that he was dressed totally in blue, and that he had a tattoo of
three dots on his hand.  Tunnell discussed the tattoo with the school resource
officer and asked if it had any gang implications.

          Tunnell
told Appellant that he could not attend Timber Creek until he served the rest
of his AEP time in Keller.  Tunnell instructed Appellant to wait in the front
office for his mother to pick him up.  Appellant left the area he was
instructed to wait in, and Tunnell found him in the hallway talking to
students.  Tunnell directed Appellant back to the office.  Tunnell recalled
walking through the front office again “close to noon” and noticing that
Appellant had left.

          Shortly
after Appellant left, Tunnell received a report of graffiti on a toilet paper
dispenser in one of the boys’ restrooms.  Officer Michael Shunk, a Fort Worth
policeman assigned to Timber Creek, took pictures of the graffiti, which
included “Pretty Boy Prince” written in blue ink and stars and “Fresh” written
in black ink.  “Fresh” was written in a different style than “Pretty Boy
Prince.”  Tunnell thought the graffiti was written with a permanent marker, and
Shunk was not able to remove or smear the graffiti with his finger.  The
graffiti was cleaned off by the custodial staff, and the markers used to write
the graffiti were not recovered.

          Shunk
reviewed tape from the school’s video surveillance system.  A person fitting
Appellant’s description was seen on the video entering the restroom at 12:07
and leaving approximately three minutes later.  Shunk showed the video to
Tunnell, who identified the person as Appellant.

          Shunk
had over twenty-four years’ experience with the Fort Worth Police Department,
had been a school resource officer for nine years, and was working his second
year at Timber Creek when this event occurred.  He had experience with graffiti
both as a school resource officer and while working in the gang unit.  He was
not aware of any graffiti on the dispenser prior to that day.  Based on Shunk’s
visual observations of the graffiti on the toilet paper dispenser, as well as
his efforts to remove or smear it, he determined that the markings were made
with a “permanent indelible marker.”

          At
his adjudication hearing, Appellant admitted to writing “Pretty Boy Prince” on
the dispenser but claimed that he used a blue, washable marker.  He denied
writing “Fresh” or drawing the stars, although he admitted to having a black
marker in his backpack the morning of the incident.  Appellant’s mother
testified that she had first learned of the graffiti incident approximately a
week after it occurred and had searched Appellant’s backpack at that time.  She
found a washable marker.  The judge found Appellant delinquent and placed him
on felony probation for one year.  This appeal followed.

DISCUSSION

Factual
and Legal Insufficiency

          In
his first issue, Appellant claims that the evidence is factually insufficient
to support the adjudication of delinquency.  Although appeals from juvenile
court orders are generally treated as civil cases, we apply a criminal
sufficiency standard of review to sufficiency of the evidence challenges
regarding the adjudication phase of juvenile proceedings.  In re M.C.S., Jr.,
327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.).  Because factual
sufficiency claims in criminal cases are no longer viable in Texas, see
Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that
the legal sufficiency standard articulated in Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), is the only standard that a
reviewing court should apply in determining whether evidence is sufficient), we
overrule Appellant’s first issue.

          In
his second issue, Appellant claims that the evidence is legally insufficient to
support the adjudication of delinquency.  He argues that no rational trier of
fact could have found that the marker used for the graffiti was an “indelible
marker” as defined in the Texas Penal Code.

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Isassi v. State, 330 S.W.3d 633, 638
(Tex. Crim. App. 2010).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any
conflicting inferences in favor of the verdict and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.

          A
person commits an offense under penal code section 28.08(a)(2) “if, without the
effective consent of the owner, the person intentionally or knowingly makes
markings, including inscriptions, slogans, drawings, or paintings, on the
tangible property of the owner with an indelible marker.”  Tex. Penal Code Ann.
§ 28.08(a)(2) (West 2011).  An indelible marker is a “device that makes a
mark with a paint or ink product that is specifically formulated to be more
difficult to erase, wash out, or remove than ordinary paint or ink products.”  Id.
§ 28.08(e)(3).

          Principal
Tunnell testified that he believed that the graffiti was made with a permanent
marker and that it did not come off nor smear when Officer Shunk tried to
remove it with his finger.  Officer Shunk likewise clearly testified that the
markings were made by a “permanent indelible marker.”  A picture of the
graffiti was admitted into evidence.  Appellant testified that he made only the
“Pretty Boy Prince” markings using a blue, washable marker and that the black
“Fresh” was already there.  Even where the actual marker used for the graffiti
is not recovered, as is the case here, circumstantial evidence and witness
testimony can support a finding that a marker is indelible.  See Harvey v.
State, 116 S.W.3d 816, 820–21 (Tex. App.—Fort Worth 2003, no pet.)
(upholding finding that a marker was indelible without the marker being
submitted into evidence when two witnesses testified that the graffiti was made
with a “permanent ink marker”).  The trial court weighed the conflicting
evidence and the credibility of the witnesses.  By its judgment, it resolved
the conflict by finding the testimony of the principal and the police officer
to be credible.  We shall not re-evaluate that decision.  See Williams,
235 S.W.3d at 750.  Viewing the evidence in the light most favorable to the
verdict, we hold that a rational factfinder could have found that Appellant
wrote the graffiti with a permanent marker.  The evidence is legally sufficient
to support the trial court’s finding that Appellant used an indelible marker as
defined by the statute.  We overrule Appellant’s second issue.

Rule
of Lenity

          In
his third issue, Appellant argues that the offense should not have been found
to be a state jail felony because the graffiti was not made “on a school.”  See
Tex. Penal Code Ann. § 28.08(d)(1).  He contends that the rule of lenity
would dictate that the statute be strictly construed in his favor.

           The
rule of lenity requires that when a criminal statute is ambiguous and the
intent of the legislature cannot be determined by employing statutory
construction cannons, the ambiguity should be resolved “in favor of lenity.”  Ex
parte Forward, 258 S.W.3d 151, 157 (Tex. Crim. App. 2008) (Johnson, J.,
dissenting) (quoting Ladner v. United States, 358 U.S. 169, 178, 79 S.
Ct. 209 (1958)).  It is rarely necessary for Texas courts to rely on the rule
of lenity because most of the Texas Penal Code has been drafted “with clarity,
precision, and straightforward, well-defined language.”  Cuellar v. State,
70 S.W.3d 815, 822 (Tex. Crim. App. 2002) (Cochran, J., concurring).  The graffiti
statute is no exception.  The phrase “on a school” encompasses both the actual
walls of the facility and those attachments that are incorporated as part of
the school.  See In re A.F., No. 08-01-00441-CV, 2002 WL 1767567,
at *1 (Tex. App.—El Paso Aug. 1, 2002, no pet.) (not designated for
publication) (holding that graffiti written on a cubicle “affixed to the wall”
of a school classroom was written “on a school”); see also In re
C.M.L., No. 08-99-00210-CV, 2000 WL 678845, at *1 (Tex. App.—El Paso
May 25, 2000, no pet.) (not designated for publication) (considering graffiti
written on a paper towel dispenser as part of the graffiti that was done “on a
community center”).  The statute is unambiguous, thus the rule of lenity is
inapplicable.  We overrule appellant’s third issue.

CONCLUSION

          Having
overruled each of Appellant's issues, we affirm the judgment of the trial court.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL:   GARDNER, McCOY, and
GABRIEL, JJ.

 

DELIVERED:   February 2,
2012









[1]See Tex. R. App. P. 47.4.