Opinion filed April 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00253-CV

                                                    __________

 

                         IN
THE MATTER OF L.J.S., A JUVENILE

 

 

 

                                      On
Appeal from the Juvenile Court

 

                                                          Callahan
County, Texas

 

                                                      Trial
Court Cause No. 114-J

 



 

M E M O R A N D
U M   O P I N I O N

 

            The
State alleged that L.J.S., a juvenile, engaged in delinquent conduct by
committing the offense of arson.  Tex.
Penal Code Ann. § 28.02(a) (West 2011).  L.J.S. and another defendant,
R.D.H., were tried together in a bench trial where both pleaded not true to the
allegations.  The trial court found the allegation of arson to be true and
adjudged L.J.S. guilty of engaging in delinquent conduct.  L.J.S. was placed on
probation for nine to twenty-four months.  L.J.S. contends that the evidence is
insufficient to prove that he acted with the intent to commit arson.  We
affirm.

Background
Facts

            On
July 23, 2010, a fire occurred at 101 South Avenue A in Cross Plains that
resulted in the total loss of the residence.  John Kondratick, a Texas State
Fire Marshal’s Office investigator, investigated the scene the following day
and found that the fire had started in a closet within the residence. 
Kondratick testified that he was able to eliminate any accidental ignition
sources in the closet.  The police received tips from several other juveniles
that implicated L.J.S. and codefendant R.D.H. 

One
of those tips came from Kevin James Baker, who testified at trial.  On the
night of the fire, Baker and several other boys were hanging out and playing
games at one of the boys’ homes.  Baker testified that, at some point, L.J.S.
and R.D.H. arrived and walked the others down the street to show them the
burning house.  Smoke was visibly coming from the house at that point.  Baker
testified that L.J.S. and R.D.H. said something about starting the fire in a
closet and trying to put it out with hand sanitizer.

On
July 30, 2010, Baker gave a statement to the Cross Plains police in which he
stated that both L.J.S. and R.D.H. talked about starting the fire in a closet
and trying to put it out with hand sanitizer and that, after hearing fire truck
sirens, both said, “[T]hat’s the house that we started the fire in.” The State
also introduced a statement taken from R.A. who had been subpoenaed as a
witness but had failed to appear at court.  R.A.’s statement echoed Baker’s
testimony; it provided, “They said they had started the fire in the big house
by accident and tried to put it out with hand sanitizer but it ignited and
became out of control.”

            On
the night of the fire, Police Chief Don Gosnell received information that L.J.S.
and R.D.H. had told several people that they had started the fire.  This tip led
him to the residence where Baker and the other boys were playing, and he
collected written statements from five boys.  All of the statements were
consistent in implicating L.J.S. and R.D.H. in starting the fire.  All of the
statements were consistent in stating that L.J.S. and R.D.H. said they had
accidentally started the fire in the closet and tried to put it out with hand
sanitizer and that caused the fire to grow out of control.  Chief Gosnell spoke
to L.J.S. and R.D.H.; they admitted telling the other boys that they had started
the fire, but maintained that they only made up the story to impress the older
boys.

Legal
Sufficiency

            In
his sole point of error, L.J.S. contends that the evidence was both legally and
factually insufficient to support his adjudication for engaging in delinquent
conduct by committing the offense of arson.  Specifically, L.J.S. argues that
the evidence was not legally sufficient to prove he had the requisite intent to
damage or destroy a habitation.  The standard of review for claims that the
evidence is insufficient to support findings that a child has engaged in
delinquent conduct is the same as in criminal cases.  In re A.O., 342
S.W.3d 236 (Tex. App.—Amarillo 2011, pet. filed); In re M.L.C, No.
11-09-00081-CV, 2011 WL 322448, at *1 (Tex. App.—Eastland Jan. 27, 2011, no
pet.) (mem. op.); In re M.C.S., Jr., 327 S.W.3d 802, 805 (Tex. App.—Fort
Worth 2010, no pet.).  The Court of Criminal Appeals in Brooks v.
State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), abandoned the factual
sufficiency standard, and we need only consider the sufficiency of the evidence
under the legal sufficiency standard set forth in Jackson v.
Virginia, 443 U.S. 307, 319 (1979).  See In re M.C.S., 327 S.W.3d at
805 (applying Brooks to a juvenile proceeding); see also In re M.L.C.,
2011 WL 322448, at *1 (citing M.C.S. and applying only the standard
applicable to questions of legal sufficiency). 

Standard
of Review

            In conducting a sufficiency review, we view all of the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Brooks, 323 S.W.3d at 899; Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443
U.S. at 318–19); see In re M.D.T., 153 S.W.3d 285, 287 (Tex. App.—El Paso 2004,
no pet.) (“When reviewing challenges to the legal sufficiency of the evidence
to establish the elements of the penal offense that forms the basis of the
finding that the juvenile engaged in delinquent conduct, we apply the standard
set forth in Jackson v. Virginia.”).   We consider whether the trier of
fact reached a rational decision. Beckham v. State, 29 S.W.3d 148, 151
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The factfinder is the sole judge
of the weight and credibility of the evidence.  Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008).  

            Proof
of a culpable mental state almost invariably depends upon circumstantial
evidence and may be inferred from any facts tending to prove its existence,
including the acts, words, and conduct of the accused.  Hart v. State,
89 S.W.3d 61, 64 (Tex. Crim. App. 2002).  However, in an arson case, intent
cannot be inferred from the mere act of burning.  Beltran v. State, 593
S.W.2d 688, 689 (Tex. Crim. App. 1980) (citing Miller v. State, 566
S.W.2d 614 (Tex. Crim App. 1978)).

            There
was evidence that L.J.S. told the other boys that he had started the fire by accident.
 However, there were no possible accidental sources found by the fire
investigator.  The fire was started in an empty house that had been standing
vacant long enough to attract trespassers.  After the fire started, L.J.S. did
not call 9-1-1 or otherwise report the fire.  L.J.S. did not go next door to
ask for help.  Rather, he went to a friend’s house where he did not ask for a
phone to call 9-1-1 but, instead, showed the other boys what he had done.  L.J.S.
did not come forward; the police had to conduct an investigation to determine
his involvement. All of the foregoing facts tend to contradict the supposition
that L.J.S. did not intend to damage the habitation.  See In re H.A.G.,
No. 13-07-00677-CV, 2008 WL 2154095, at *3 (Tex. App.—Corpus Christi May 22, 2008,
no pet.) (mem. op.) (Intent to damage or destroy school by arson was inferred,
in part, because juvenile started fire in an empty bathroom, approximately ten
minutes before the school day ended, juvenile did not report the fire when it
was started, and the principal had to conduct an investigation to determine who
was in the restroom at the time the fire started.). 

            Viewing
the evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found beyond a reasonable doubt that L.J.S.
had the specific intent to damage or destroy the house when he started the
fire.  We overrule L.J.S.’s sole point of error.

This
Court’s Ruling

            The
judgment of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

April 19, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.