02-12-023-CV








 


 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00023-CV

 

 


 
 
 In the Matter of J.G.
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 323rd District Court
  
 of Tarrant County (323-94678J-11)
  
 January 10, 2013
  
 Opinion by Justice McCoy
 
 


 

JUDGMENT

 

          This court has considered
the record on appeal in this case and holds that there was no error in the
trial court’s judgment.  It is ordered that the judgment of the trial court is
affirmed.

          It is further ordered that appellant J.G. shall
pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF
APPEALS 

 

By_________________________________

    Justice Bob McCoy

 








 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00023-CV

 


 
 
 In the Matter of J.G.
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

In one point, Appellant J.G.
appeals the trial court’s judgment that he engaged in delinquent conduct by
failing to stop and render aid to two victims following a traffic accident that
he caused.  We affirm.

II. 
Factual and Procedural Background

On October 31, 2010, shortly
before midnight, J.G. was driving a Mercedes convertible westbound on I-30;
Joel Perry was driving an SUV with his father James Perry as a passenger.  The
SUV was going sixty-five miles per hour in the same direction as J.G. when J.G.
hit it.  Joel estimated that the SUV flipped over three or four times before
sliding down around 150 feet on the driver’s side.

According to Joel’s testimony,
J.G. had driven “significantly faster” than the other cars on the road, at “well
over 100 miles an hour.”  After rear-ending Joel’s SUV, J.G. proceeded down the
road, still traveling at a high rate of speed, for approximately one-quarter of
a mile before he hit a light pole.  After hitting the light pole, J.G. started
walking or running[2] away
from the accident scene.  J.G. was apprehended about one-quarter of a mile to
the west of his vehicle and brought back to the scene.

Joel sustained bruising and
a partial herniated disk in his lower back, and James, who has multiple
sclerosis, was shaken up and left hanging immobilized on the passenger side
immediately after the accident, and he sustained injuries to his knee and
ankle.  James and Joel remained at the scene until James was transported away
by ambulance.  J.G. stipulated that he was intoxicated at the time of the
collision.

The trial court adjudged
J.G. delinquent of two counts of failure to stop and return or remain at the
scene of an accident (one for each vehicle occupant) and driving while
intoxicated and placed him on community supervision.  J.G. appeals the
determination of both counts of failure to stop and return or remain at the
scene of an accident.

III.  Failure
to Stop and Render Aid

J.G. argues that there is no
evidence or insufficient evidence to establish that he had the ability to stop
and render aid following the automobile accident.  J.G. asserts that the
question at issue on appeal is whether “[J.G.] could have returned to the vehicle
to render aid given the almost immediate arrival of emergency personnel and the
distance between his vehicle and the vehicle he struck.”

The standard of review for
juvenile delinquency appeals is the same as the criminal sufficiency review.  In
re M.C.S., Jr., 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.).  In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v. State,
364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  We measure the sufficiency of the
evidence by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  Byrd v. State, 336 S.W.3d 242, 246
(Tex. Crim. App. 2011) (citing Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997)).  Such a charge is one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Id.  The law as authorized by the
indictment means the statutory elements of the charged offense as modified by
the factual details and legal theories contained in the charging instrument.  See
Curry v. State, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

In its delinquent conduct
petition, the State alleged that J.G. intentionally or knowingly drove a
vehicle that became involved in an accident resulting in injury to James and
Joel Perry and then, knowing the accident had occurred, intentionally or
knowingly left the accident scene without giving his name and address to any
person and without rendering reasonable assistance to James and Joel when it
was apparent that they were in need of medical treatment.  See Tex.
Transp. Code Ann. §§ 550.021, .023 (West 2011).  Section 550.021 also requires
that the operator of a vehicle involved in an accident resulting in personal
injury or death immediately stop at the accident scene or immediately
return and remain at the scene until he has complied with the requirements of
transportation code section 550.023.  See id. § 550.021(a)(1)–(3); see
also id. § 550.023 (requiring the operator to give his name and
address, among other identifying information, to any person injured or the
operator or occupant of or person attending a vehicle involved in the collision
and to provide any person injured in the accident with reasonable assistance,
including transporting or making arrangements for transporting the person to a
physician or hospital for medical treatment if it is apparent that treatment is
necessary, or if the injured person requests the transportation); Huffman v.
State, 267 S.W.3d 902, 909 (Tex. Crim. App. 2008) (stating that section
550.021(a)’s requirements are serial requirements that all relate,
step-by-step, to what an actor must do with respect to the scene of an
accident).

The evidence is sufficient
to show that J.G. did not comply with section 550.021’s requirements:  He did
not immediately stop after the collision or immediately return to the scene;
instead, he left the scene at a high rate of speed until he ran into a light
pole a quarter of a mile away and then continued to walk or run away
from the accident scene.[3]  And because
J.G. did not even try to immediately stop or immediately return to the accident
scene, he could not give his information or render reasonable assistance to
James or Joel.[4]  See Huffman,
267 S.W.3d at 909.  Therefore, because the evidence is sufficient to support
the trial court’s finding, we overrule J.G.’s sole point.

V. 
Conclusion

          Having overruled J.G.’s sole point, we affirm
the trial court’s judgment.

 

 

BOB MCCOY 

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  January 10, 2013









[1]See Tex. R. App. P. 47.4.





[2]James
testified that he “saw someone run from where the other car had hit the light standard
in the median across the highway to the south.”





[3]J.G.’s
complaint that he could not return to the scene because he was intoxicated and
would have had to walk against traffic at night on the interstate for
one-quarter of a mile is without merit because he managed to
walk away from the accident scene for another quarter of a mile.





[4]Although
J.G. argues that he could not have returned to render aid before emergency
vehicles arrived, the timing of the arrival of emergency
personnel here is irrelevant when J.G. did not
even attempt to return to the scene and instead walked away from it.