153 S.W.3d 285 (2004)
IN the Matter of M.D.T., a Juvenile.
No. 08-03-00409-CV.
Court of Appeals of Texas, El Paso.
December 23, 2004.
*286 James Darrell Lucas, El Paso, for Appellant.
Jose R. Rodriguez, County Atty., El Paso, for Appellee.
Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
RICHARD BARAJAS, Chief Justice.
This is an appeal from a juvenile proceeding tried to the court. The court issued an order of adjudication finding that the juvenile, M.D.T., engaged in delinquent conduct. The disposition hearing resulted in the assessment of a two-year community supervision sentence. We reform and affirm.

I. SUMMARY OF THE EVIDENCE

At about 12:30 p.m. on April 17, 2003, the complainant, a seven-year-old child, went with two other children after school to M.D.T.'s house. M.D.T. was a thirteen-year-old juvenile. The complainant then went to play at a neighborhood park. He purportedly threw some dirt on two children and he was taken back to M.D.T.'s house. He then entered M.D.T.'s room while M.D.T. was taking a shower. The complainant related that M.D.T. then pulled down his pants and "put his private parts" in the complainant's bottom, at least twice.
At 3 p.m., the complainant's grandmother, Ms. Bean, came to pick up the complainant at the house. Phillip, one of M.D.T.'s brothers, answered the door. When asked about the complainant's whereabouts, he turned and tried to open M.D.T.'s bedroom door. He did not respond to Ms. Bean's inquiry. The door was locked and Phillip knocked and M.D.T. called out that he was changing his clothes. She looked into the kitchen and saw David, one of M.D.T.'s siblings. M.D.T.'s mother then approached from the rear of the house and she and Ms. Bean conversed. Bean got the impression that the complainant was not in the house but he soon emerged from M.D.T.'s bedroom and was soon followed out by M.D.T. who was only wearing black sweat pants.
When they were alone in the car, Ms. Bean asked the complainant what went on in the bedroom. After initially denying that anything had occurred, the complainant stated that sexual contact had occurred notwithstanding the fact that the complainant had asked M.D.T. to stop. The complainant was taken to a hospital for a rape examination which proved negative; although there was some evidence that no physical damage was shown as M.D.T. was not fully developed.
M.D.T. presented a number of witnesses including the complainant's school principal who stated that the complainant had a bad reputation for truth and veracity and *287 he had received a large number of disciplinary referrals.
Various of M.D.T.'s brothers and sisters testified indicating that they had all been in M.D.T.'s room at varying times and that no sexual assault had occurred. His sister testified that she was in the house when Ms. Bean came to pick up the complainant and the sister stated that another brother, David, was in the room with M.D.T. and the complainant. The brother she referenced testified that he was in M.D.T.'s room the whole time the complainant was in the room and he never witnessed a sexual assault. The brother, Phillip, who answered the door when Ms. Bean arrived stated that Ms. Bean never asked about the complainant's whereabouts and denied that anyone attempted to open the door of M.D.T.'s room. A friend of the children, Larry Arellano, stated that David was in the room with the complainant and M.D.T. at all times when the assault could have occurred. M.D.T.'s mother testified that the complainant was out of her sight for, at most, fifteen minutes during the operative period when the assault could have occurred.

II. DISCUSSION

In Issue Nos. One and Four, Appellant asserts that the evidence in legally and factually insufficient to demonstrate that M.D.T. committed the offense of aggravated sexual assault. In the State's petition it was alleged that M.D.T. committed the offense of aggravated sexual assault by causing the anus of the complainant of a child younger that fourteen years of age to contact the sexual organ of M.D.T. In a second count, it was alleged that M.D.T. committed the offense of indecency with a child by engaging in sexual contact with a child younger than seventeen years of age with intent to arouse and gratify the sexual desire of M.D.T.[1] When reviewing challenges to the legal sufficiency of the evidence to establish the elements of the penal offense that forms the basis of the finding that the juvenile engaged in delinquent conduct, we apply the standard set forth in Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789-90, 61 L.Ed.2d 560 (1979). In the Matter of A.S., 954 S.W.2d 855, 858 (Tex.App.-El Paso 1997, no pet.). Under this standard, an appellate court must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2789; Alvarado v. State, 912 S.W.2d 199, 207 (Tex.Crim.App.1995).
In reviewing this factual sufficiency challenge, we view all of the evidence but do not view it in the light most favorable to the verdict in determining whether the State met its burden of proof beyond a reasonable doubt. A.S., 954 S.W.2d at 860; see also Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Our factual sufficiency review must be appropriately deferential so as to avoid substituting our judgment for that of the fact finder. Clewis, 922 S.W.2d at 133. Only if the verdict is so contrary to the overwhelming weight *288 of the evidence as to be clearly wrong and unjust will we conclude that the State failed to carry its burden. A.S., 954 S.W.2d at 860.
Regarding the legal sufficiency of the evidence, we find that the evidence is sufficient to support the court's finding that M.D.T. engaged in delinquent conduct. M.D.T. asserts that there is insufficient evidence to show that there was illicit sexual contact. The evidence adduced at trial clearly indicated that, "He put  he put where they use number one inside my bottom." The complainant indicated that, "number one" was when you go to the bathroom. He further indicated that this happened on at least two occasions and had happened several times in the past. We find that the evidence is legally sufficient to support the court's finding.
Regarding the factual sufficiency of the court's finding, we note the State's evidence indicated that M.D.T. was alone in the locked bedroom and he pulled down the complainant's pants and penetrated his bottom with his penis. Ms. Bean testified that she was suspicious of what had occurred in the house and she testified to the actions of those in the household as being suspicious. After some inquiry, the complainant told her of the various illicit incidents. Countering this evidence, is the testimony of various of M.D.T.'s siblings and friends to the effect that someone else was in the room at all times and the incident could not have happened.
However, this evidence has various inconsistencies. The evidence is conflicting as to which siblings were in the bedroom at any given time. While there was evidence David was in the room the whole time, the sister testified that she only saw David in the bedroom after Ms. Bean had picked up the complainant and that she did not know who was in the bedroom when the door was shut. Ms. Bean testified that she saw David in the kitchen when she first came to the house. While David claimed the bedroom door was never locked during the operative time, Phillip stated that the bedroom door was locked. Giving due deference to the judgment of the fact finder, we do not view M.D.T.'s evidence as being so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The evidence is factually sufficient. Issue Nos. One and Four are overruled.
In Issue No. Five, M.D.T. asserts that the failure of the trial court to administer the warnings mandated in the Family Code prior to commencing the adjudication hearing resulted in reversible error. At the commencement of the adjudication hearing, the court inquired about the voluntariness of M.D.T.'s written waiver of a right to a jury. The court did not make any inquiries about the admonishments contained in Family Code Section 54.03(b).[2] However, the record does not reflect that M.D.T.'s attorney made any objection in the trial court regarding any *289 complaint about these admonishments. Consequently, he has failed to preserve error. In the Matter of C.C., 13 S.W.3d 854, 859-60 (Tex.App.-Austin 2000, no pet.); In re R.J.C., No. 04-01-00686-CV, 2002 WL 31015532 (Tex.App.-San Antonio Sept.11, 2002, no pet.) (not designated for publication); In re R.R., No. 08-01-00245-CV, 2002 WL 1859101 (Tex.App.-El Paso Aug.14, 2002, no pet.) (not designated for publication). Issue No. Five is overruled.
Having overruled Appellant's Issue Nos. One, Four, and Five, and having found that we need not address any remaining issues, we affirm the judgment of the trial court as reformed.
NOTES
[1] In Issue Nos. Two and Three, M.D.T. asserts that he has been improperly adjudged delinquent of two offenses and has received a multiple punishment for the same offense in violation of the holding in Ochoa v. State, 982 S.W.2d 904 (Tex.Crim.App.1998). During the State's closing argument, counsel for the State conceded error with regard to these two contentions. Accordingly, we will not address Issue Nos. Two and Three and we will order that the trial court's Order of Adjudication be reformed to delete any reference to count II as referenced in the State's Petition to Adjudicate Delinquent Conduct. See id. at 908.
[2] Tex. Fam.Code Ann. 54.03(b) (Vernon Supp.2004-05) provides:

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:
(1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;
(3) the child's privilege against self-incrimination;
(4) the child's right to trial and to confrontation of witnesses;
(5) the child's right to representation by an attorney if he is not already represented; and
(6) the child's right to trial by jury.