**Opinion filed April 19, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00253-CV

_____

## IN THE MATTER OF L.J.S., A JUVENILE

**On Appeal from the Juvenile Court**

**Callahan County, Texas**

**Trial Court Cause No. 114-J**

### M E M O R A N D U M   O P I N I O N

The State alleged that L.J.S., a juvenile, engaged in delinquent conduct by committing the offense of arson. TEX. PENAL CODE ANN. § 28.02(a) (West 2011). L.J.S. and another defendant, R.D.H., were tried together in a bench trial where both pleaded not true to the allegations. The trial court found the allegation of arson to be true and adjudged L.J.S. guilty of engaging in delinquent conduct. L.J.S. was placed on probation for nine to twenty-four months. L.J.S. contends that the evidence is insufficient to prove that he acted with the intent to commit arson. We affirm.

*Background Facts*

On July 23, 2010, a fire occurred at 101 South Avenue A in Cross Plains that resulted in the total loss of the residence. John Kondratick, a Texas State Fire Marshal's Office investigator,

investigated the scene the following day and found that the fire had started in a closet within the residence. Kondratick testified that he was able to eliminate any accidental ignition sources in the closet. The police received tips from several other juveniles that implicated L.J.S. and codefendant R.D.H.

One of those tips came from Kevin James Baker, who testified at trial. On the night of the fire, Baker and several other boys were hanging out and playing games at one of the boys' homes. Baker testified that, at some point, L.J.S. and R.D.H. arrived and walked the others down the street to show them the burning house. Smoke was visibly coming from the house at that point. Baker testified that L.J.S. and R.D.H. said something about starting the fire in a closet and trying to put it out with hand sanitizer.

On July 30, 2010, Baker gave a statement to the Cross Plains police in which he stated that both L.J.S. and R.D.H. talked about starting the fire in a closet and trying to put it out with hand sanitizer and that, after hearing fire truck sirens, both said, "[T]hat's the house that we started the fire in." The State also introduced a statement taken from R.A. who had been subpoenaed as a witness but had failed to appear at court. R.A.'s statement echoed Baker's testimony; it provided, "They said they had started the fire in the big house by accident and tried to put it out with hand sanitizer but it ignited and became out of control."

On the night of the fire, Police Chief Don Gosnell received information that L.J.S. and R.D.H. had told several people that they had started the fire. This tip led him to the residence where Baker and the other boys were playing, and he collected written statements from five boys. All of the statements were consistent in implicating L.J.S. and R.D.H. in starting the fire. All of the statements were consistent in stating that L.J.S. and R.D.H. said they had accidentally started the fire in the closet and tried to put it out with hand sanitizer and that caused the fire to grow out of control. Chief Gosnell spoke to L.J.S. and R.D.H.; they admitted telling the other boys that they had started the fire, but maintained that they only made up the story to impress the older boys.

*Legal Sufficiency*

In his sole point of error, L.J.S. contends that the evidence was both legally and factually insufficient to support his adjudication for engaging in delinquent conduct by committing the offense of arson. Specifically, L.J.S. argues that the evidence was not legally sufficient to prove he had the requisite intent to damage or destroy a habitation. The standard of review for claims

2

that the evidence is insufficient to support findings that a child has engaged in delinquent conduct is the same as in criminal cases. *In re A.O.*, 342 S.W.3d 236 (Tex. App.—Amarillo 2011, pet. filed); *In re M.L.C*, No. 11-09-00081-CV, 2011 WL 322448, at *1 (Tex. App.—Eastland Jan. 27, 2011, no pet.) (mem. op.); *In re M.C.S., Jr.*, 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.). The Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), abandoned the factual sufficiency standard, and we need only consider the sufficiency of the evidence under the legal sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See In re M.C.S.*, 327 S.W.3d at 805 (applying *Brooks* to a juvenile proceeding); *see also In re M.L.C.*, 2011 WL 322448, at *1 (citing *M.C.S*. and applying only the standard applicable to questions of legal sufficiency).

*Standard of Review*

In conducting a sufficiency review, we view all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 899; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *see In re M.D.T.*, 153 S.W.3d 285, 287 (Tex. App.—El Paso 2004, no pet.) ("When reviewing challenges to the legal sufficiency of the evidence to establish the elements of the penal offense that forms the basis of the finding that the juvenile engaged in delinquent conduct, we apply the standard set forth in *Jackson v. Virginia*."). We consider whether the trier of fact reached a rational decision. *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The factfinder is the sole judge of the weight and credibility of the evidence. *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).

Proof of a culpable mental state almost invariably depends upon circumstantial evidence and may be inferred from any facts tending to prove its existence, including the acts, words, and conduct of the accused. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). However, in an arson case, intent cannot be inferred from the mere act of burning. *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980) (citing *Miller v. State*, 566 S.W.2d 614 (Tex. Crim App. 1978)).

There was evidence that L.J.S. told the other boys that he had started the fire by *accident*. However, there were no possible accidental sources found by the fire investigator. The fire was started in an empty house that had been standing vacant long enough to attract trespassers. After

the fire started, L.J.S. did not call 9-1-1 or otherwise report the fire. L.J.S. did not go next door to ask for help. Rather, he went to a friend's house where he did not ask for a phone to call 9-1-1 but, instead, showed the other boys what he had done. L.J.S. did not come forward; the police had to conduct an investigation to determine his involvement. All of the foregoing facts tend to contradict the supposition that L.J.S. did not intend to damage the habitation. *See In re H.A.G.*, No. 13-07-00677-CV, 2008 WL 2154095, at *3 (Tex. App.—Corpus Christi May 22, 2008, no pet.) (mem. op.) (Intent to damage or destroy school by arson was inferred, in part, because juvenile started fire in an empty bathroom, approximately ten minutes before the school day ended, juvenile did not report the fire when it was started, and the principal had to conduct an investigation to determine who was in the restroom at the time the fire started.).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that L.J.S. had the specific intent to damage or destroy the house when he started the fire. We overrule L.J.S.'s sole point of error.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL
JUSTICE

April 19, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4