COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN THE MATTER OF R.R., A JUVENILE. | § § § § § § § | No. 08-12-00284-CV<br><br>Appeal from the<br><br>65th District Court<br><br>of El Paso County, Texas<br><br>(TC#0900695) |

## **O P I N I O N**

Appellant, R.R., a juvenile, was charged by petition with the delinquent conduct of possession of less than two ounces of marijuana in a drug-free zone.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(a), (b)(1), 481.134 (West 2010).  After a hearing, the trial court adjudicated Appellant delinquent.  Following a disposition hearing, Appellant was placed on probation until his eighteenth birthday.  On appeal, Appellant challenges the trial court's finding that he engaged in delinquent conduct by possessing two ounces or less of marijuana.  In a single issue, Appellant argues the evidence is legally insufficient to support his conviction.  We affirm.

### **BACKGROUND**

At the adjudication hearing, Esperanza Garcia, a class guard monitor at San Elizario High

School in El Paso County, Texas, testified that she observed Appellant with other boys by the side of the school's field house on May 24, 2012. Garcia saw Appellant smoking and passing what appeared to be a pen cap to the other boys. Garcia told Alfonso Sepulveda, a security officer at the school, what she had seen and asked him to stop the boys. Appellant was stopped, and when he denied smoking, Garcia asked to smell Appellant's hands which he allowed her to do. Garcia testified that she smelled the odor of marijuana on Appellant's hands.

Garcia and Sepulveda started to walk Appellant to the administrator's office and Appellant became very nervous and started to shake and brush something off of his pant leg. Garcia observed a folded piece of white paper fall from Appellant's pants. She watched Sepulveda pick up and open the piece of paper and saw that it contained a green weed substance which she recognized to be marijuana.[1]

Sepulveda testified that he smelled an odor of marijuana on Appellant's hands and that Appellant's eyes were a little glassy. Appellant started to stall, fidget, and pull on his pant legs when they started to walk to the administrator's office. At that point, Sepulveda saw a white folded-up paper fall from Appellant's pant area. Sepulveda picked up and opened the paper which contained a green leafy substance he believed to be marijuana.[2]

El Paso Sheriff's Office Deputy Carlos Muñoz testified that his drug training consisted of the identification of different drugs including marijuana, as well as sight recognition of the general amounts of marijuana. As a deputy, Muñoz had identified marijuana ten to fifteen times. During his prior position as a detention officer in the jail annex, Muñoz identified marijuana two to three

---

[1] Garcia testified that she had smelled and seen marijuana before.
[2] Sepulveda testified he had seen marijuana hundreds of times while working with kids since 1980. He was familiar with the smell of marijuana and as a former tobacco user, he knew the difference between the smell of marijuana and tobacco.

times. On May 24, 2012, Deputy Muñoz was dispatched to San Elizario High School in reference to a student's possession of narcotics.

At the school, Deputy Muñoz spoke to the hall monitor and the security guard among others and was advised that Appellant possessed marijuana. Deputy Muñoz viewed the green leafy substance contained in the folded piece of white paper and recognized it to be marijuana. Deputy Muñoz testified the marijuana appeared to be less than two ounces of marijuana and that it was a usable amount. The substance field tested positive for marijuana and weighed less than two ounces. Deputy Muñoz subsequently arrested Appellant.

## DISCUSSION

Appellant contends the evidence is legally insufficient to sustain the trial court's finding that he engaged in delinquent conduct. Specifically, he argues the State's evidence was not legally sufficient to sustain the trial court's delinquent conduct finding because the State failed to prove that the substance was marijuana and that the marijuana weighed two ounces or less. We disagree.

### *Standard of Review*

Although juvenile appeals are categorized as civil cases, we use the same standards applicable in criminal appeals when reviewing challenges to the sufficiency of the evidence supporting a finding that a juvenile engaged in delinquent conduct. *See In re J.R.C.S.*, 393 S.W.3d 903, 909 (Tex.App. – El Paso 2012, no pet.); *In re H.G.G.D.*, 310 S.W.3d 43, 45 (Tex. App. – El Paso 2010, no pet.); *In re M.D.T.*, 153 S.W.3d 285, 287 (Tex.App. – El Paso 2004, no pet.). In a legal sufficiency analysis, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of

the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001). On review, we do not resolve any conflicts of fact or re-evaluate the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); *In re H.G.G.D.*, 310 S.W.3d at 46. Instead, our duty is to determine whether the explicit and implicit findings of fact made by the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992). In doing so, any evidentiary inconsistencies are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).

### Possession of Marijuana

To prove that Appellant engaged in delinquent conduct, the State had to establish that Appellant knowingly or intentionally possessed a usable quantity of marijuana in the amount of two ounces or less. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010); TEX. FAM. CODE ANN. § 51.03(a)(1) (West 2008). Accordingly, the State bore the burden to prove beyond a reasonable doubt that Appellant (1) exercised care, control, and management over the contraband and (2) that he knew he possessed contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

First, Appellant contends the State failed to prove that the substance was marijuana. He complains the evidence is legally insufficient because the State: (1) only offered the testimony of Deputy Muñoz, a rookie officer; (2) failed to offer the testimony of an expert such as a lab analyst; (3) did not offer the alleged marijuana or photos of the marijuana into evidence; and (4) failed to introduce the chain of custody for the marijuana into evidence. However, we find Appellant's

4

arguments unpersuasive.   In *Osbourn v. State*, 92 S.W.3d 531 (Tex.Crim.App. 2002), the Court of Criminal Appeals held that because of marijuana's distinct appearance and odor, expert testimony and chemical testing are unnecessary to prove that a substance is marijuana.   *Id*. at 537-38. Instead, the substance can be identified through the lay opinion of a police officer or other witnesses familiar with the odor of marijuana.   *Id*.   Thus, the State was not required to call an expert witness, offer the alleged substance or photos of it at the adjudication hearing, and present the chain of custody for the marijuana into evidence to prove that the substance was in fact marijuana.

Here, Deputy Muñoz testified that he was trained to identify drugs including marijuana. Although Deputy Muñoz testified that he was still training with his field training officer on May 24, 2012, he explained that as a deputy he came across marijuana quite a few times.   In particular, he stated that he had identified substances to be marijuana on ten to fifteen occasions.   He had also previously identified marijuana on two to three occasions while working as a detention officer at the jail annex.   When Deputy Muñoz viewed the green leafy substance contained in the folded piece of white paper, he recognized it to be marijuana.   When he smelled the substance it smelled like marijuana.   Deputy Muñoz testified that he conducted a field test on the substance which tested positive for marijuana.

Moreover, lay witnesses Garcia and Sepulveda testified that they were personally familiar with marijuana.   Garcia and Sepulveda both smelled an odor of marijuana on Appellant's hands. Garcia and Sepulveda recognized the green substance contained in the white paper that fell from Appellant's pant area as marijuana.   When viewed in the light most favorable to the trial court's finding, we conclude this evidence was legally sufficient for a rational trier of fact to have

determined that the alleged substance was marijuana.

Next, Appellant argues the State failed to prove that the weight of the marijuana was two ounces or less because during cross-examination, Deputy Muñoz could not recall the approximate amount of the marijuana when he weighed it on the digital scale. He also maintains that it would have been helpful to have the marijuana or photos of the marijuana introduced into evidence in order to verify that the deputy's testimony was accurate. The State responds that the deputy's testimony satisfies the elemental requirement that the marijuana be less than two ounces and that it is a usable amount. We agree with the State.

While Appellant correctly notes that Deputy Muñoz could not recall the approximate weight of the marijuana when he weighed it on a digital scale, he believed that Appellant was charged with a Class B misdemeanor, possession of marijuana, under two ounces. Furthermore, on direct-examination, Deputy Muñoz testified that he was trained to recognize by sight the general amount of marijuana. By sight, the amount of marijuana appeared to be less than two ounces to Deputy Muñoz. According to Deputy Muñoz, this was a usable amount of marijuana. Deputy Muñoz also testified that he weighed the marijuana and that it weighed less than two ounces. When viewed in the light most favorable to the trial court's finding, Deputy Muñoz's testimony was sufficient for a rational trier of fact to determine that the amount of marijuana involved was a usable amount within and weighed two ounces or less. *See Martinez v. State*, No. 04-09-00029-CR, 2009 WL 3789880, at *3, 4 (Tex.App. – San Antonio Nov. 11, 2009, no pet.) (holding officers' testimony that substance is a usable quantity of marijuana is sufficient to support conviction where State did not offer any physical evidence of the marijuana); TEX. HEALTH & SAFETY CODE ANN. § 481.121(b) (West 2010).

6

Having considered Appellant's arguments and reviewed the evidence in the light most favorable to the trial court's finding, we conclude the evidence was legally sufficient to show that Appellant engaged in delinquent conduct by knowingly or intentionally possessing two ounces or less of marijuana. Issue One is overruled.

## CONCLUSION

We affirm the judgment of the trial court.


                                       GUADALUPE RIVERA, Justice

December 27, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

7