# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-12-00455-CV
---

**In the Matter of D. G.**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-32,568, THE HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

The district court, sitting as a juvenile court, adjudicated appellant, D.G., delinquent after finding that he committed the offense of sexual assault. *See* Tex. Fam. Code § 54.03(f); Tex. Penal Code § 22.011. The court placed appellant on determinate-sentence probation for ten years. *See* Tex. Fam. Code §§ 53.045(a), 54.04(d)(3), (q). On appeal, appellant contends that the evidence was insufficient to support his adjudication and that the trial court erred in placing him on probation under a determinate sentence. We affirm the juvenile court's judgment of adjudication and order of probation.

### BACKGROUND

In August of 2011, B.E. took her 11-year-old daughter, K.C.G., to the doctor because she had been sleeping a lot and had gained weight.[1] The doctor's visit revealed that K.C.G. was approximately 22 weeks pregnant. At first, the girl identified her mother's ex-boyfriend as the

---

[1] To protect the identity and privacy of the children in this case, we identify the children and family members only by their initials.

father. However, she then disclosed that appellant, her 13-year-old brother, was the father. When interviewed during the police investigation, appellant admitted that he had sexual intercourse with his sister. The pregnancy was terminated and fetal material was preserved for testing. Subsequent DNA paternity testing identified appellant as the father.

## DISCUSSION

### Sufficiency of the Evidence

Adjudications of delinquency are based on the criminal standard of proof. *See id.* § 54.03(f). Consequently, although juvenile proceedings are civil matters, we review the sufficiency of the evidence underlying a finding that the juvenile engaged in delinquent conduct by applying the standard applicable to challenges to the sufficiency of the evidence in criminal cases. *In re R.R.*, 420 S.W.3d 301, 303 (Tex. App.—El Paso 2013, no pet.); *In re M.C.L.*, 110 S.W.3d 591, 594 (Tex. App.—Austin 2003, no pet.).

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013); *see Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). In our review, we assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Paragraph III of the first amended petition alleged that appellant penetrated K.C.G.'s sexual organ with his sexual organ without her consent. *See* Tex. Penal Code § 22.011(a)(1)(A) (person commits sexual assault if he intentionally or knowingly causes penetration of another person's sexual organ by any means without that person's consent). Appellant does not dispute that he penetrated K.C.G.'s sexual organ with his sexual organ as alleged, but argues that the evidence is insufficient to demonstrate that the penetration was without K.C.G.'s consent.

At trial, K.C.G. testified that she was home alone with appellant, her brother, when she fell asleep on the couch while watching cartoons. She awoke to her brother lying on top of her, "roughhousing" between her legs. Her clothes were on the floor, but she had not taken them off. After she awoke, she only "half open[ed]" her eyes and "just laid there." She said that she did not think that appellant "saw her."[2] K.C.G. described the "roughhousing" as "touching and feeling, and all that." She testified, using anatomically correct dolls to demonstrate, that she felt "[t]hat thingy by down there" going up and down touching her "in [her] body parts."[3] She indicated that the only time appellant stopped was when she squirmed a little bit at one point and appellant "just stop[ped] right there and just kept going." She described feeling "weird and awkward" and said that her body "felt icky" after appellant finished. There was "white creamy kind of stuff" that she had never seen before on her body "where [she] pee[d]." Finally, K.C.G. testified that appellant never asked her if it was okay and she never told him it was.

---

[2] It is unclear from her testimony if K.C.G. was referring to her eyes being half open or to her being awake or both.

[3] As she testified, K.C.G. pointed to the crotch area of the male doll and explained that "that thingy" is used "[t]o go to the bathroom [to] pee." Similarly, she explained that appellant was touching her "in [her] body parts" where "[she goes] to the bathroom [t]o pee."

3

Appellant argues that the evidence is insufficient to show that he caused the penetration of K.C.G.'s sexual organ without her consent because the evidence fails to demonstrate that he used physical force or violence or threatened to use force or violence. However, the Penal Code sets forth several circumstances in which a sexual assault is without a person's consent. *See id.* § 22.011(b)(1)–(11). Compelling the other person to submit or participate by the use of physical force or violence or by threatening to use force or violence, however, are only two of those circumstances. *See id.* § 22.011(b)(1), (2). Under subsection (b)(3), a sexual assault is without the other person's consent if "the other person has not consented and the actor knows the other person is unconscious or physically unable to resist." *Id.* § 22.011(b)(3). Under subsection (b)(5), a sexual assault is without the other person's consent if "the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring." *Id.* § 22.011(b)(5).

Here, K.C.G.'s testimony demonstrated that appellant removed her clothes while she was asleep and that when she awoke appellant was on top of her already engaging in sexual conduct. Thereafter, she kept her eyes half-closed and laid still, basically pretending to be asleep. One can infer from this evidence, and reasonable inferences from it, that appellant knew that K.C.G. did not consent to the sexual conduct, thought she was asleep when he penetrated her sexual organ with his penis, and thus knew that she was unaware the sexual assault was occurring or that she was not in a condition to resist.[4] *See Hughes v. State*, 194 S.W.3d 649, 654 (Tex. App.—Tyler 2006, no pet.) (concluding that jury could infer that appellant knew that he did not have victim's consent because

_____

[4] The testimony that the only time appellant stopped during the sexual assault was when K.C.G. squirmed also supports the inference that appellant believed she was asleep when he was having sex with her.

4

he began sexual assault while she slept). Accordingly, K.C.G.'s testimony supports appellant's adjudication. *See* Tex. Code Crim. Proc. art. 38.07(a), (b)(1) (uncorroborated testimony of child victim is sufficient to support conviction for sexual offense); *see also Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd), *overruled on other grounds by Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational fact-finder could have found beyond a reasonable doubt that appellant penetrated K.C.G.'s sexual organ without her consent. *See Jackson*, 443 U.S. at 319; *see also Brooks*, 323 S.W.3d at 898–99. Therefore, the evidence was sufficient to support the juvenile court's finding that appellant engaged in delinquent conduct as alleged in paragraph III.[5] We overrule appellant's first issue.

## Grand Jury Approval

In his second issue, appellant contends that the juvenile court abused its discretion in giving him determinate-sentence probation because the State did not obtain grand jury approval for the offenses of sexual assault alleged in the first amended petition.

---

[5] Based on a subsequent outcry made by K.C.G., paragraph IV of the amended petition alleged a second incident where appellant penetrated K.C.G.'s sexual organ with his sexual organ without her consent. However, during her testimony, K.C.G. did not testify about any additional incident, saying, "It really didn't matter if he did it once or twice." The State opted not to question the outcry witness about the substance of K.C.G.'s outcry statement about this incident. *See* Tex. Fam. Code § 54.031 (outcry statement of child abuse victim is admissible as exception to hearsay rule); *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005) (outcry statements of child abuse victim are substantive evidence of crime). Accordingly, the juvenile court found the allegations contained in paragraph IV to be not true.

5

Grand jury approval of a petition alleging delinquent conduct is mandatory for the juvenile court to impose a determinate sentence (or probation under a determinate sentence) for that conduct. Section 53.045 of the Juvenile Justice Code provides that a prosecuting attorney may refer the petition alleging delinquent conduct to the grand jury if the child has engaged in delinquent conduct that violates certain listed criminal offenses. *See* Tex. Fam. Code § 53.045(a). A juvenile court may not impose a determinate sentence unless (1) the prosecuting attorney refers the petition to the grand jury; (2) the grand jury approves the petition and certifies its approval; and (3) the grand jury's certification is entered in the record. *Id.* § 53.045(b), (d). If the State's petition was not approved by the grand jury, then the juvenile court is without jurisdiction to impose a determinate sentence. *See id.* § 54.04(d); *In re J.G.*, 195 S.W.3d 161, 180 (Tex. App.—San Antonio 2006, no pet.).

In this case, a *Certificate of Approval of Juvenile Petition by Grand Jury*, filed on February 10, 2012, appears in the record, in which the foreperson of the grand jury certified that the petition had been presented to the grand jury and approved on February 9, 2012. Specifically, the certificate of approval states:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the duly organized Grand Jury of Travis County, Texas, presents to the Juvenile Court of Travis County, Texas, that after having been presented with and inquiring into the First Amended Original Petition Alleging Delinquent Conduct Seeking a Determinate Sentence in Cause Number JV 32,568, filed on the 8th day of February, 2012, in the 98th District Court, wherein [appellant], Respondent, is alleged to have engaged in delinquent conduct namely, the offense of ***Aggravated Sexual Assault Child*** as alleged in said First Amended Original Petition Alleging Delinquent Conduct Seeking a Determinate Sentence, do hereby find that there is probable cause to believe that said Respondent did engage in such delinquent conduct.

6

We do hereby CERTIFY AND APPROVE said petition to the Juvenile Court pursuant to Section 53.045 of the Texas Family Code.

(Emphasis added.) Appellant argues that the certificate reflects approval for the offense of aggravated sexual assault of a child rather than sexual assault, and thus the juvenile court was without authority to impose a determinate sentence. We disagree.

While the certificate refers to the offense of "aggravated sexual assault child," the certificate explicitly indicates that the grand jury reviewed and approved the State's *First Amended Original Petition Alleging Delinquent Conduct Seeking a Determinate Sentence* that was "filed on the 8th day of February, 2012." Further, the certificate references the offense "as alleged in said First Amended Original Petition Alleging Delinquent Conduct Seeking a Determinate Sentence." The State's first amended petition, filed on February 8, 2012, alleged the commission of sexual assault.[6] Thus, the certificate reflects grand jury approval of the first amended petition which alleged sexual assault offenses. When appellant first asserted that the juvenile court lacked jurisdiction to impose a determinate sentence (during closing argument of the disposition hearing), the juvenile court conducted a hearing after which the court found that the reference to aggravated sexual assault of a child was merely a typographical error. The record supports this conclusion.

This conclusion is corroborated by the procedural history of this case, particularly the factual allegations of the petitions and the corresponding presentment documents. There were only two petitions filed in this case, both of which alleged the same sexually assaultive conduct

---

[6] The two charging paragraphs of the amended petition alleged that appellant "violated a penal law of this State punishable by imprisonment, to-wit: Section 22.011 of the Texas Penal Code (Sexual Assault)" by penetrating K.C.G.'s sexual organ with his sexual organ without her consent.

(penetration of K.C.G.'s sexual organ with appellant's sexual organ). The two petitions were almost identical except that Petition #1, filed October 26, 2011, sought a determinate sentence for aggravated sexual assault of a child while Petition #2 sought a determinate sentence for sexual assault.[7] There was a separate certificate of grand jury approval of Petition #1 on October 25, 2011. That certificate indicates that the grand jury reviewed and approved the State's *Original Petition Alleging Delinquent Conduct Seeking a Determinate Sentence* that was "filed on the 12th day of September, 2011," and referenced the offense of "Aggravated Sexual Assault - Child as alleged in said Original Petition Alleging Delinquent Conduct Seeking a Determinate Sentence." Thus, the record contains two distinct petitions alleging delinquent conduct based on different Penal Code offenses, each with a corresponding certificate of grand jury approval.

Based on the forgoing, we conclude that requisite grand jury approval occurred in this case. We overrule appellant's second issue.

---

[7] Petition #1 alleged that appellant violated "Section 22.021 of the Texas Penal Code (Aggravated Sexual Assault Child)" by penetrating the sexual organ of K.C.G., a child younger than 14 years of age, with his sexual organ. As noted above, petition #2 alleged that appellant violated "Section 22.011 of the Texas Penal Code (Sexual Assault)" by penetrating K.C.G.'s sexual organ with his sexual organ without her consent.

The record reflects that the amended petition was filed when the State realized that it could not seek a determinate sentence for aggravated sexual assault of a child because the age difference between appellant and K.C.G. was only two years. *See* Tex. Fam. Code. § 53.045(e) ("The prosecuting attorney may not refer a petition that alleges the child engaged in conduct that violated Section 22.011(a)(2), Penal Code [sexual assault of a child], or Sections 22.021(a)(1)(B) and (2)(B), Penal Code [aggravated sexual assault], unless the child is more than three years older than the victim of the conduct.").

## CONCLUSION

Having overruled appellant's two issues, we affirm the juvenile court's judgment of adjudication and order of probation.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   July 23, 2014